Jeffrey G. Winter
DUROCHER & WINTER, P.C.
118 6th St. South
P.O. Box 1629
Great Falls, Montana 59403
406-727-4020
jwinter@mtlawyers.net
Attorneys for Plaintiff

## MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| SUN COCHRAN, | Cause No. DV-21-0523 |
|---|---|
| Plaintiff, | Judge: Hon. DAVID J. GRUBICH |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GK DEVELOPMENT, INC; GK HOLIDAY VILLAGE, LLC; HOLIDAY VILLAGE PARTNERS, LLC; and DOES 1-10, | |
| Defendants. | |

COMES NOW the Plaintiff, SUN COCHRAN, and her Complaint against Defendants, alleges as follows:

**GENERAL ALLEGATIONS:**

1. Plaintiff is and was at all times relevant herein a resident of Great Falls, Cascade County, Montana.

2. Upon information and belief, Defendant GK Development, Inc. ("GK Development") is a business entity organized under the laws of a state other than Montana with its principal place of business in a state other than Montana, and is and was at all times relevant hereto, authorized to transact business in the state of Montana.

3. Upon information and belief, Defendant GK Holiday Village, LLC ("GK Holiday Village") is a business entity organized under the laws of a state other than Montana with its principal place of business in a state other than Montana, and is and was at all times relevant hereto, authorized to transact business in the state of Montana.

4. Upon information and belief, Defendant Holiday Village Partners, LLC

("Holiday Village Partners") is a business entity organized under the laws of a state other than Montana with its principal place of business in a state other than Montana, and is and was at all times relevant hereto, authorized to transact business in the state of Montana.

5. Upon information and belief, Defendants GK Development, GK Holiday Village, and Holiday Village Partners (collectively referred to herein as the "GK/Holiday Village Defendants") are, and were at all times relevant hereto, the owners, operators, and/or managers of a building and appurtenant real property located at 1200 10th Avenue South, Great Falls, Montana, commonly known as the Holiday Village Mall (the "Premises").

6. Upon information and belief, at all times relevant hereto, the GK/Holiday Village Defendants were in possession and control of the Premises and were responsible for the operation, management, repair and maintenance of the Premises.

7. On January 5, 2020, Plaintiff and her husband parked their vehicle in the parking lot located on the south side of the Premises, on their way to go shopping at the Holiday Village Mall. As Plaintiff was walking from her car to the mall entrance, she tripped and fell in an area of broken asphalt in the parking lot.

8. As a result of her fall, Plaintiff was injured and has suffered damages, including but not limited to, medical expenses, physical and emotional pain and suffering, loss of established course of life, and loss of enjoyment of life. Plaintiff's injuries are permanent, and she will continue to suffer damages as a result of her injuries.

9. Plaintiff was not a cause of her injuries or damages.

10. Venue in Cascade County, Montana is appropriate under Mont. Code Ann. § 25-2-122(1)(b) and Mont. Code Ann. § 25-2-122(2)(a) and (b).

11. Jurisdiction in this case is appropriate in the Montana Eighth Judicial District Court, Cascade County.

## COUNT ONE:

12. Plaintiff realleges the allegations contained in paragraphs 1-11.

13. At all times relevant to the allegations set forth herein, the GK/Holiday Village Defendants had a legal duty to maintain the parking lot where Plaintiff fell in a reasonably safe condition.

14. The GK/Holiday Village Defendants breached their legal duty to maintain the parking lot where Plaintiff fell in a reasonably safe condition.

15. The GK/Holiday Village Defendants' breach of their legal duty constitutes negligence.

16. As a result of the GK/Holiday Village Defendants' negligence, Plaintiff has suffered injuries and damages.

17. Does 1-5 are other individuals, corporations, partnerships, joint ventures, or other entities, unknown to Plaintiff and not yet identified at this time, which may be liable for Plaintiff's injuries and damages for the claims enumerated above.

## COUNT TWO:

18. Plaintiff realleges the allegations contained in Paragraphs 1 through 17.

19. At all times relevant to the allegations set forth herein, the GK/Holiday Village Defendants had a legal duty to maintain the parking lot where Plaintiff fell in accordance with all applicable statutes, ordinances, codes and other laws and regulations pertaining to health and safety.

20. The GK/Holiday Village Defendants failed to maintain the parking lot where Plaintiff fell in accordance with all applicable statutes, ordinances, codes and other laws and regulations pertaining to health and safety.

21. The GK/Holiday Village Defendants' failure to maintain the parking lot where Plaintiff fell in accordance with all applicable statutes, ordinances, codes and other laws and regulations pertaining to health and safety constitutes negligence per se, or as a matter of law.

22. As a result of the GK/Holiday Village Defendants' negligence per se, or as a matter of law, Plaintiff has suffered injuries and damages.

23. Does 6-10 are other individuals, corporations, partnerships, joint ventures, or other entities, unknown to Plaintiff and not yet identified at this time, which may be liable for Plaintiff's injuries and damages for the claims enumerated above.

WHEREFORE, PLAINTIFF PRAYS:

1. For an award of all her general and special damages caused by Defendants;

2. For costs and fees as allowed by law; and

3. For all other relief the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in this action so triable.

DATED this 11th day of October, 2021.

_____
Jeffrey G. Winter

# Carrie Nance

| | |
|---|---|
| **From:** | Adam J. Tunning |
| **Sent:** | Friday, October 15, 2021 9:25 AM |
| **To:** | Carrie Nance |
| **Subject:** | FW: E2F73684 - Sun Cochran v. GK Development // Cascade County // New Referral |
| **Attachments:** | Ltr to CNA [ENCLOSURES] 10.12.2021.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Carrie, this is a new CNA file. Can you open a new file at your convenience and get set up in teamconnect?

**From:** Radke,Gregory <Gregory.Radke@cna.com>
**Sent:** Thursday, October 14, 2021 4:01 PM
**To:** Adam J. Tunning <Adam.Tunning@moultonbellingham.com>
**Subject:** E2F73684 - Sun Cochran v. GK Development // Cascade County // New Referral

Thanks Adam,

Apologies for the delay. Complaint is at the lower portion of the attachments. Again, insured has not been served as of yet but anticipated shortly.

As a side note, or question, one of my colleagues has a question as to Montana Law and third party MVA's. Is it factual an At Fault third party involved in a MVA can be billed directly by medical providers for ongoing treatment, with the expectation and law supporting their payment, as they come in? Thanks much.

Regards,

Greg Radke, CCP
Claim Specialist - Commercial P & C Claim
CNA | PO Box 8317, Chicago, IL 60680 | Telephone: 630/719-3322 | Facsimile 877/371-5122

This e-mail message, including any attachments and appended messages, is for the sole use of the intended recipients and may contain confidential and legally privileged information.
If you are not the intended recipient, any review, dissemination, distribution, copying, storage or other use of all or any portion of this message is strictly prohibited.
If you received this message in error, please immediately notify the sender by reply e-mail and delete this message in its entirety.